Karl Allen FONTENOT, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–85–769.

Court of Criminal Appeals of Oklahoma.

Aug. 11, 1987.

Terry J. Hull, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., M. Caroline Emerson, Asst. Atty. Gen., Oklahoma City, for appellee.

BUSSEY, Judge:

Karl Allen Fontenot was convicted in Pontotoc County District Court of Robbery With a Dangerous Weapon, Kidnapping, and Murder in the First Degree. He received sentences of twenty (20) years' imprisonment, ten (10) years' imprisonment, and the death penalty, respectively.

Donna Denise Haraway was abducted after being robbed at the convenience store where she was working on April 28, 1984, in Ada, Oklahoma. Appellant and Tommy Ward were tried for the crimes during September, 1985. In October of 1984, Tommy Ward made a statement to law enforcement officers which inculpated Fontenot, an individual named Odell Titsworth, and to a slighter degree, himself. Fontenot and Titsworth were arrested as a result and Fontenot gave a statement substantially in agreement with Ward's except that it more clearly inculpated Ward. In each Ward's and Fontenot's statements, the instigator and ringleader in the criminal acts was said to be Titsworth. However, Titsworth was eliminated as a suspect within a few days of his arrest because of clear proof the police had that he had not been an accomplice.

According to the statements of Ward and Fontenot, Haraway was robbed of approximately $150.00, abducted, and taken to the grounds behind a power plant in Ada where she was raped. According to appellant's version, she was then taken to an abandoned house behind the plant where Titsworth stabbed her to death. She was then burned along with the house. When Haraway's remains were found in Hughes County, there was no evidence of charring or of stab wounds, and there was a single bullet wound to the skull.

The evidence at trial revealed that two men, one of whom was positively identified as Tommy Ward, played pool at J.P.'s convenience store in Ada, Oklahoma, from about 7:00 p.m. until about 8:30 p.m. the evening of April 28, 1984. Around 8:30 p.m., the two men left the store. Shortly thereafter, Tommy Ward was seen leaving with Haraway from the convenience store where she worked which was across the road and a quarter of a mile away from J.P.'s. Fontenot was said to resemble the man with Ward at J.P.'s, but could not be identified by the people who saw Ward there. In fact, the second man was described as having sandy brown hair and being six foot to six foot two inches tall. Fontenot had dark brown hair and was several inches shorter than the description given. One witness went so far as to tell a detective and a private investigator, and attempted to tell the District Attorney, without success, that Fontenot was not the man he saw in J.P.'s. Other than the statements given by Ward and Fontenot, there was no other evidence linking appellant to the crimes.

In this case, we find that the trial court erred in admitting at the joint trial of Ward and Fontenot the statement of Ward which inculpated appellant. In *Cruz v. New York*, 481 U.S. ——, 107 S.Ct. 1714, 95 L.Ed.2d 162 (1987), the United States Supreme Court held that the fact interlocking confessions are introduced does not mitigate the harm done to a defendant's Sixth Amendment right to confront the witnesses against him when a nontestifying codefendant's statement which inculpates defendant is admitted at their joint trial. *See Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Even if the jury is advised to not consider it against the defendant, the harm is not repaired.

We find in this case that codefendant Ward's statement did not have sufficient indicia of reliability as it relates to appellant to overcome the presumption of unreliability to permit its direct admission against Fontenot. *Lee v. Illinois*, 476 U.S. 530, ——, 106 S.Ct. 2056, ——, 90 L.Ed.2d 514 (1986). Nor can we find that the ad-

mission of Ward's statement at their joint trial amounted to harmless error. *Harrington v. California*, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969). The evidence of appellant's guilt, while significant, cannot be called overwhelming.

For the foregoing reasons, the judgments and sentences are REVERSED and the case is REMANDED for a new trial.

BRETT, P.J., and PARKS, J., concur.