Thomas Jesse WARD, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–85–804.

Court of Criminal Appeals of Oklahoma.

May 20, 1988.

**124**

Joseph Wrigley, Seminole, for appellant.

Robert H. Henry, Atty. Gen., M. Caroline Emerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Thomas Jesse Ward was convicted in Pontotoc County District Court of Robbery with a Dangerous Weapon, Kidnapping, and Murder in the First Degree. He received sentences of twenty (20) years' imprisonment, ten (10) years' imprisonment, and the death penalty, respectively. Also tried and convicted was codefendant, Karl Fontenot. *Fontenot v. State,* 742 P.2d 31 (Okl.Cr.1987). As with Fontenot's convictions, we find Ward's convictions must be reversed and the case remanded for new trial.

At the joint trial of Ward and Fontenot, the pretrial confessions of each which inculpated the other were admitted though neither defendant testified at trial. The trial judge followed the plurality opinion of the United States Supreme Court in *Parker v. Randolph,* 442 U.S. 62, 99 S.Ct. 2132, 60 L.Ed.2d 713 (1979), which held that it was not error in admitting the confession of a codefendant which incriminates the defendant even though the codefendant did not testify if the defendant's "interlocking" confession is also admitted. The Supreme Court has since repudiated this rule in *Cruz v. New York,* —— U.S. ——, 107 S.Ct. 1714, 95 L.Ed.2d 162 (1987). Because of the violation of the defendant's right to confront the witnesses against him, *Bru-* ton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), this Court reversed codefendant Fontenot's convictions. *Fontenot, supra.* Because this same error occurs in appellant's case, we hold that appellant's convictions must also be reversed. While the ban on the use of a codefendant's incriminating statements is not absolute, *see Cruz,* codefendant Fontenot's statement does not fall within an exception.

For the foregoing reasons, we reverse appellant's convictions and remand for new trial.

BRETT, P.J., and PARKS, J., concur.